

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00457-CR

———————————————

RUSSELL WILLIAM DETWILER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 59,150-B

Before Kerr, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Without a plea bargain and while represented by counsel, Russell William Detwiler pleaded *nolo contendere* to indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1). The trial court found Detwiler guilty and sentenced him to five years' imprisonment. Two weeks later, Detwiler filed a pro se notice of appeal.

When questions arose about Detwiler's indigency and whether he was entitled to appointed counsel, we abated the appeal and remanded the case to the trial court to determine, among other things, whether Detwiler wished to continue the appeal. Complying with our order, the trial court conducted a hearing with Detwiler—but no defense counsel—present.[1] On the record, Detwiler agreed that when previously before the court, he had told his trial counsel that he did not want to appeal; asked about his present desire, Detwiler stated that his wish was still not to appeal. The trial court then signed written findings, one of which was that Detwiler did not want to prosecute his appeal. We have both the reporter's record of the hearing and the clerk's record containing the trial court's findings.

Although Detwiler has stated on the record that he does not want to prosecute his appeal, he has not filed a motion to voluntarily dismiss it as required by rule 42.2(a) of the appellate rules of procedure. *See* Tex. R. App. P. 42.2(a).

---

[1]The plea hearing was on October 4, 2018. On October 15, the trial court signed an order allowing Detwiler's trial counsel to withdraw, and on October 22, the trial court denied Detwiler's request for appointed counsel because it found that he was not indigent.

But based on the reporter's and clerk's records filed with us, we hold that good cause exists to suspend rule 42.2(a) in this case. *See* Tex. R. App. P. 2; *Robertson v. State*, No. 01-11-00743-CR, 2012 WL 5285913, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2012, no pet.) (mem. op., not designated for publication); *Lawson v. State*, No. 02-06-00204-CR, 2007 WL 495165, at *1 (Tex. App.—Fort Worth Feb. 15, 2007, no pet.) (mem. op., not designated for publication). As Detwiler stated and as the trial court found, we hold that Detwiler does not want to pursue this appeal.

Thus, we dismiss this appeal. *See also Fountain v. State*, Nos. 02-14-00341-CR, 02-14-00342-CR, 2015 WL 3637961, at *1 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op., not designated for publication); *Wilson v. State*, No. 02-13-00210-CR, 2014 WL 1394628, at *1 (Tex. App.—Fort Worth Apr. 10, 2014, no pet.) (mem. op., not designated for publication); *Palmer v. State*, No. 02-12-000569-CR, 2013 WL 6147836, at *1 (Tex. App.—Fort Worth Nov. 21, 2013, no pet.) (mem. op., not designated for publication).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 28, 2019

3